IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| ELMER RAFAEL RODRIGUEZ, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 8:19-cv-01552-PWG |
| KEISI YULIZA ZAMBRANO ALVAREZ, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Elmer Rafael Rodriguez, a citizen of Honduras, filed this action in the Circuit Court for Prince George's County seeking an order requiring the return of his five-year-old son pursuant to the Hague Convention and the International Child Abduction Remedies Act ("ICARA"). Defendant Keisi Yuliza Zambrano Alvarez, the child's mother, removed the case to federal court after unsuccessfully contesting the petition at a show cause hearing held by the circuit court. Mr. Rodriguez now has filed an emergency motion to remand the case to the circuit court, arguing the notice of remand was untimely. Mot. to Remand, ECF No. 7.

For purposes of the pending motion, the relevant facts are undisputed and are reflected in court dockets that are judicially noticeable. *See* Fed. R. Evid. 201, 803(8)(A)(i), 902(5). The parties have fully briefed the motion. *See* ECF Nos. 7, 9.[1] No hearing is required. *See* Loc. R.

---

[1] Ms. Alvarez filed her response in opposition to the emergency motion one day after the Court-imposed deadline. Opp'n, ECF No. 9. Her counsel has filed a motion asking the Court to accept the late response, explaining that he was out of the country for much of the past week and has since had to make a number of court appearances. *See* ECF No. 10. I grant the motion and accept the late response.

1

105.6. As I agree with Mr. Rodriguez that the notice of removal was not timely under 28 U.S.C. § 1446(b), I grant his emergency motion to remand this case.

**FACTUAL BACKGROUND**

Ms. Alvarez, who, like Mr. Rodriguez, is a Honduran citizen, entered the United States with their five-year old son on January 20, 2019, through the Hidalgo, Texas Port of Entry. USCIS R. 2, ECF No. 1-9. Ms. Alvarez sought asylum to escape threats of violence from Mr. Rodriguez, who has a serious criminal record[2] in Honduras and whom she has described as a "dangerous man." USCIS R. 1-11; *see also* Carcamo Aff. 2, ECF. No. 1-4 (transcribing sworn statement from child's grandmother describing violent threats made by Mr. Rodriguez). On January 31, 2019, the Department of Homeland Security found that Ms. Alvarez had presented a credible fear of persecution, allowing her to move forward in the asylum process. USCIS R. 5. She is residing in Maryland with her child while that process is ongoing. Return Order 25, ECF No. 1-9.

On April 11, Mr. Rodriguez filed in the Circuit Court for Prince George's County a verified petition for the child's return under the Hague Convention and ICARA and an *ex parte* motion under the Hague Convention for entry of a temporary restraining order. *See* Circuit Ct. Docket 97, ECF No 1-9. Ms. Alvarez was served on the same day. Aff. of Service 8, ECF No. 7-3. On April 29, 2019, the circuit court held a show cause hearing (at which Ms. Alvarez was represented by counsel, who since has been replaced), then entered a return order to immediately return the child to Honduras. Return Order 25.

Ms. Alvarez then obtained new counsel and filed a notice of appeal to the Maryland Court of Special Appeals, as well as an emergency motion to stay the circuit court's return order. *See*

---

[2] Mr. Rodriguez was convicted of homicide in 2004 in Honduras, for which, Ms. Alvarez asserts, he served more than ten years imprisonment. *See* ECF No. 1-3.

2

Emergency Mot. to Stay 2, ECF No. 7-8; Notice of Appeal 1, ECF No. 7-9. Four days later, Mr. Rodriguez filed a response in opposition to the emergency motion. Opp'n to Emergency Mot. to Stay 18, ECF No. 1-9. Ms. Alvarez filed an Amended Emergency Motion to Stay on May 24, 2019. Am. Emergency Mot. to Stay 7, ECF No. 1-1. Finding the claims in Ms. Alvarez's emergency motion sufficiently serious to consider, the circuit court prudently scheduled a post-judgment motions hearing on May 28, 2019. ECF No. 1-1. On May 28, 2019, Ms. Alvarez notified the circuit court and Mr. Rodriguez that she had removed the case to federal court. Notice of Removal 1, ECF No. 1. The circuit court *sua sponte* postponed the hearing until June 7, 2019. *See* Pl.'s Mem. 4, ECF No. 7-1. On May 30, 2019, Mr. Rodriguez filed his emergency motion to remand the case to the circuit court. Mot. to Remand. I ordered expedited briefing on the motion. *See* ECF No. 8. Ms. Alvarez missed the deadline to respond to the motion, but I have accepted her late-filed response.

## DISCUSSION

There is no question that this Court has subject matter jurisdiction over petitions brought under the Hague Convention and ICARA. See 22 U.S.C. § 9003(a) ("The courts of the States and the United States district courts shall have concurrent original jurisdiction of actions arising under the Convention."). The issue presented here is whether Ms. Alvarez's removal was proper under 28 U.S.C. § 1446. Under this provision, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006).

Mr. Rodriguez argues that removal was improper because (a) removal was not timely under 28 U.S.C. § 1446(b)(3); (b) a longer time allowance for removal in cases of diversity is not available, as this suit does not satisfy the requirements of 28 U.S.C. § 1332; and (c) even if removal

had been timely, Ms. Alvarez waived her right to remove the case because she did not seek removal until the circuit court had already entered a return order. I address each of these arguments in turn before addressing Ms. Alvarez's claim that the state court lacks jurisdiction.

## A. Timeliness

The first issue is whether removal was timely. Under 28 U.S.C. § 1446(b), a defendant has 30 days from receiving notice of the suit to remove the case. *See* § 1446(b). The 30-day limit serves two purposes: first, to preclude gamesmanship by preventing defendants from taking a "wait and see" approach in state court, and, second, to avoid the waste of judicial resources that would follow if defendants could seek to start their case anew after "substantial proceedings" have already taken place in state court. *See Gorman v. Abbott Labs.*, 629 F. Supp. 1196, 1999 (D.R.I. 1986). Here, Ms. Alvarez received notice of the suit on April 11, 2019, but did not file a notice of removal until 47 days later, on May 28, 2019. *See* Aff. of Service 8; Notice of Removal 1.

And while § 1446(b)(3) carves out an exception to the 30-day limit where a defendant learns about a basis for removal at some point after receiving notice, *see* § 1446(b)(3), that exception surely does not apply here. Mr. Rodriquez's April 11, 2019 petition plainly sought relief under the Hague Convention and ICARA, a federal law. Pursuant to 22 U.S.C. § 9003(a), federal courts have concurrent jurisdiction over actions arising from the Hague Convention. Ms. Alvarez therefore was on notice on April 11, 2019, that the case was removable, and as she waited 47 days to file the requisite notice, her removal must be considered untimely.

## B. Diversity

Ms. Alvarez's response in opposition to the emergency motion asserts that another exception to the 30-day window applies here. Specifically, she contends, "28 U.S.C. § 1446(c)(1)

allows ... up to one year to remove the case if jurisdiction is conferred by 28 U.S.C. § 1332, which is the case here." Opp'n ¶ 13. But Ms. Alvarez is mistaken in two respects.

First, § 1332 does not provide an exception to the 30-day window. The rule, regardless of the basis for federal jurisdiction, is that the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). An exception exists where the case is not removable at the time it commences, in which case the notice of removal "may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). But even then, when the federal court's jurisdiction would be based on diversity, the statute bars removal "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1). This final provision is a *limitation* on removal; it is not, as Ms. Alvarez suggests, an exception to the 30-day requirement. *See Lexington Mkt., Inc. v. Desman Assocs.*, 598 F. Supp. 2d 707, 710 (D. Md. 2009) (holding that removal filed within 30 days, but over a year after suit was commenced, was barred by § 1446(c)(1) and declining to find an exception to the one-year cap).

Second, even if this were not the case, it is simply not true that diversity jurisdiction exists here. "By its terms, the diversity statute does not confer jurisdiction in an action solely between citizens of foreign states." *Shovlin v. Careless*, No. 12–cv–1120 PJH (JCS), 2013 WL 3354544, at *5 (N.D. Cal. June 26, 2013). "The Supreme Court has long held that 'the courts of the United States have no jurisdiction of cases between aliens.'" *Id.* (quoting *Montalet v. Murray,* 8 U.S. (4 Cranch) 46, 47 (1807)). Here, Ms. Alvarez and Mr. Rodriguez are citizens of Honduras. *See* Civ.

5

Cover Sheet 1, ECF No. 1-11; Opp'n ¶ 14 (acknowledging that both parties are citizens of Honduras"). On these facts, diversity jurisdiction does not lie.

Moreover, Congress has made clear, relatively recently, that suits between resident aliens and non-resident aliens are not diverse for purposes of § 1332. Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758 (2011); *see H.K. Huilin Int'l Trade Co., Ltd. v. Kevin Multiline Polymer Inc.*, 907 F. Supp. 2d 284, 285-289 (E.D.N.Y. 2012). Accordingly, even in view of Ms. Alvarez's residence in Maryland, she and Mr. Rodriguez are not diverse under § 1332, and so she may not remove this suit on the basis of diversity.[3]

### C. Waiver

Ms. Alvarez further argues that she "did not waive her right to removal." Opp'n ¶ 15. As I have already explained that removal was not timely under § 1446, there is no need to reach this issue. I observe, though, in any event, that the Fourth Circuit recognizes waiver of removal "only in very limited circumstances." *Curl v. Beltsville Adventist Sch.*, No. GJH-15-3133, 2016 WL 4382686, at *5 (D. Md. Aug. 15, 2016) (quoting *Va. Beach Resort & Conference Ctr. Hotel Ass'n Condo. v. Certain Interested Underwriters at Lloyd's, London*, 812 F. Supp. 2d 762, 764 (E.D. Va. 2011)). In *Curl v. Beltsville Adventist School*, this Court noted that a defendant waives removal when he or she demonstrates "a 'clear and unequivocal' intent to remain in state court." *Id.* (quoting *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991)). "The most obvious

---

[3] And even then, "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1132(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). To the extent, then, that Ms. Alvarez might try to argue that she qualifies as a citizen of Maryland for present purposes, she could not remove the case to a federal court sitting in Maryland.

example of when a finding of waiver is appropriate is where a defendant removes a case to federal court after receiving an unfavorable determination on the merits of the case in state court." *Id.*

Here, Ms. Alvarez took substantial defensive action in the circuit court. First, her counsel had the opportunity to provide evidence at the show cause hearing on April 29, 2019. *See* Return Order 25. In addition, Ms. Alvarez filed an emergency motion to stay and an amended emergency motion to stay on May 17, 2019, and Mary 24, 2019, respectively. *See* Emergency Mot. to Stay 2; Am. Emergency Mot. to Stay 7.

Waiver of removal may be excepted when a defendant files notice to remove nearly simultaneously with taking a defensive action. *See id.* (holding that one day between defendants' filing of motion in state court and its filing of the notice of removal was not a waiver); *see also Jones v. Johnson*, No. 3:11CV001-JA G, 2011 WL 494479, at *2 (E.D. Va. Feb. 7, 2011) (finding no waiver when notice of removal was filed 90 days after filing responsive pleadings). Here, though, the defensive actions and removal were not simultaneous, Ms. Alvarez's state court defense was hardly insubstantial, and the state court had already ruled against her. Ultimately, then, her effort to remove this case after the state court issued its ruling appears to be a transparent attempt at forum shopping and would likely constitute a waiver of removal.

### D. Jurisdiction

Finally, Ms. Alvarez argues: "the state court lacks jurisdiction over the Defendant and/or over the Minor Child because they are in Federal Immigration Court proceedings and seeking political asylum." Opp'n ¶ 4. Ms. Alvarez does not cite any legal authority to support this jurisdictional argument. If, indeed, the resolution of her asylum claim has some bearing on this suit, the effect will be the same no matter which court is asserting jurisdiction over the case.

## CONCLUSION

Ms. Alvarez has presented evidence of Mr. Rodriguez's allegedly violent nature and the potential danger he poses to the child, and the circuit court found this evidence concerning enough to stay the return order and schedule a post-judgement motions hearing on May 28, 2019 (since changed to June 7, 2019). The fact that the state court judge already has agreed to hold an expedited hearing to allow Ms. Alvarez to raise the issues she seeks to raise before this Court confirms that the dire consequences she forecasts should this Court enter a remand order are overstated. There is nothing in the record before me to suggest that the state court judge will not carefully consider the arguments and evidence presented by both Mr. Rodriguez and Ms. Alvarez and enter an order that he or she considers to be appropriate and in accord with the law. This remand order will allow the circuit court proceedings to resume.

## **ORDER**

Accordingly, it is this 5th day of June, 2019, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendant Keisi Yuliza Zambrano Alvarez's Motion to Accept Defendant's Opposition, ECF No. 10, IS GRANTED;

2. Plaintiff Elmer Rafael Rodriguez's Emergency Motion to Remand, ECF No. 7, IS GRANTED; and

3. This case is remanded to the Circuit Court for Prince George's County. This Court will, however, retain jurisdiction over Mr. Rodriguez's claim for costs and attorney's fees under 28 U.S.C. § 1447(c). Counsel for Mr. Rodriguez will, within 14 days of the entry of an order by the circuit court after the emergency hearing, advise this court by letter (not to

exceed three pages, single spaced) indicating whether he intends to pursue attorney's fees, and, if so, further scheduling on this issue will be ordered.

/s/ 6/5/2019
Paul W. Grimm
United States District Judge